KENNEDY *et al. v.* McTAMMANY.

*(Circuit Court, D. Massachusetts.* January 27, 1888.

COPYRIGHT—SHEET MUSIC—PERFORATED STRIPS FOR ORGANETTES.

The manufacture and sale of perforated strips of paper to be used in organettes, and by which a certain tune is produced, is not a violation of the copyrighted sheet music of the same tune.

In Equity.   Bill for injunction.

William H. Kennedy and others, filed their bill to restrain John McTammany, Jr., from violating a copyright.

*James E. Maynadier,* for complainants.

*C. T. & T. H. Russell,* for defendant.

COLT, J.   This case has been thoroughly presented to the court.   It is admitted that the plaintiffs are the owners of a valid copyright in a certain song and musical composition entitled "Cradle's Empty, Baby's Gone," and that the defendant makes perforated papers which, when used in organettes, produce the same music.   The sole question in issue is whether these perforated sheets of paper are an infringement of copyrighted sheet music.   To the ordinary mind it is certainly a difficult thing to consider these strips of paper as sheet music.   There is no clef, or bars, or lines, or spaces, or other marks which are found in common printed music, but only plain strips of paper with rows of holes or perforations.

Copyright is the exclusive right of the owner to multiply and to dispose of copies of an intellectual production.   Drone, Copyr. 100.   I cannot convince myself that these perforated strips of paper are copies of sheet music, within the meaning of the copyright law.   They are not made to be addressed to the eye as sheet music, but they form part of a machine. They are not designed to be used for such purposes as sheet music, nor do they in any sense occupy the same field as sheet music.   They are a mechanical invention made for the sole purpose of performing tunes mechanically upon a musical instrument.   The bill itself states that they are adapted and intended for a use wholly different from any use possible to be made of the ordinary sheet music.   Their use resembles more nearly the barrel of a hand organ or music box.

The arguments urged by the complainants, while forcibly put, do not seem to me to be wholly sound, or entirely applicable to this case.   It is said that sheet music may consist of different characters or methods, as, for example, the Sol Fa method, and that the perforated strips of the defendant are simply another form of musical notation; but the reply to this is that they are not designed or used as a new form of musical notation.   If they were, the case would be different.   Again, it is said, that they can be used as sheet music the same as the Sol Fa method; but the answer to this is that they are not so used.   While it may not be denied that some persons, by study and practice, may read music from these

perforated strips, yet as a practical question in the musical profession, or in the sale of printed music, it may be said that they are not recognized as sheet music. The question is not what may be done as an experiment, but whether, in any fair or proper sense, these perforated rolls of paper, made expressly for use in a musical instrument, can be said to be copies of sheet music. The complainants further suggest that the Sol Fa copy, or the raised copy for the blind, do not take the place of printed music, in reply to which it may be said that their purpose and object is to supply the place of printed music, and that they subserve the same purpose. I find no decided cases which, directly or by analogy, support the position of the plaintiffs, and it seems to me that both upon reason and authority they have failed to show any infringement of their copyright, and that, therefore, the bill should be dismissed.